LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
PACIFIC INTERNATIONAL LINES (PTE), LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO. a/s/o PARAGON TEXTILES, INC. d/b/a SAMIYATEX, <br><br> Plaintiff, <br><br> -against- <br><br> PACIFIC INTERNATIONAL LINES (PTE), LTD., M/V WAN HAI 311 V-W036, her engines, boilers, etc., ON BOARD INTERNATIONAL, INC., XYZ CORP. and JOHN DOES 1-10, <br><br> Defendants. | **ECF CASE** <br><br><br> 10 Civ. 5218 (NRB) <br><br><br> **ANSWER** |

Defendant PACIFIC INTERNATIONAL LINES (PTE) LTD. ("PIL"), by its attorneys,

Lyons & Flood, LLP, answering plaintiff HARTFORD INSURANCE CO. a/s/o PARAGON

TEXTILES, INC. d/b/a SAMIYATEX's ("HARTFORD") Complaint, alleges upon information and

belief as follows:

1.      Admits that this action involves an admiralty and maritime claim within the meaning

of Rule 9(h) of the Federal Rules of Civil Procedure with jurisdiction under 28 U.S.C. § 1333, but

except as so specifically admitted, denies the remaining allegations contained in paragraph 1 of the

Complaint.

2.      Admits the allegations in paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

## ANSWERING THE FIRST COUNT

4.      Defendant PIL repeats and realleges each and every response to paragraphs 1 through 3 of the Complaint as if fully set forth herein.

5.      Admits that on or about March 21, 2009, container no. TTNU9073321, said to contain 563 bales of used clothes, shoes, and toys, was delivered to PIL for shipment from Long Beach, California to Luanda, Angola aboard the M/V WAN HAI 311, pursuant to PIL bill of lading no. PABV00064542, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint.

6.      Denies the allegations contained in paragraph 6 of the Complaint.

7.      Denies plaintiff's prayer for relief.

## ANSWERING THE SECOND COUNT

8.      Defendant PIL repeats and realleges each and every response to paragraphs 1 through 6 of the Complaint as if fully set forth herein.

9.      Denies the allegations contained in paragraph 8 of the Complaint.

10.     Denies the allegations contained in paragraph 9 of the Complaint.

11.     Denies plaintiff's prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

12.     The plaintiff has failed to file suit within one year of delivery as required by the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, *et seq.*, and the action is therefore time-barred.

## SECOND AFFIRMATIVE DEFENSE

13.     The action should be dismissed for improper service of process.

## THIRD AFFIRMATIVE DEFENSE

14.     The Complaint fails to state a cause of action upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

15.     Plaintiff is not a real party in interest and has no standing to maintain this action.

## FIFTH AFFIRMATIVE DEFENSE

16.     If any losses or damages were sustained by the shipments referred to in the Complaint, which is denied, such losses or damages occurred were caused by or contributed to by the plaintiff or third-parties outside of PIL's control, and not by PIL.

## SIXTH AFFIRMATIVE DEFENSE

17.     If any loss or damage was sustained by the shipments referred to in the Complaint, which is denied, such loss or damage occurred when the goods were out of the care, custody or control of PIL.

## SEVENTH AFFIRMATIVE DEFENSE

18.     The cargo which is the subject of this suit was carried pursuant to the terms and conditions of a certain bill of lading, and tariffs by which the shipper, owner, consignee, and holder of said bill of lading agreed to be bound, and was also subject to COGSA, and/or the Harter Act, 46 U.S.C. § 30704, et seq., and defendant PIL claims the benefits of all rights, immunities, exonerations, and limitations contained therein.

## EIGHTH AFFIRMATIVE DEFENSE

19.     As the ocean carrier for the subject international shipment that was transported pursuant to a through bill of lading, PIL is not subject to the Carmack Amendment, 49 U.S.C. § 14706.  *See Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 130 S. Ct. 2433 (2010).

## NINTH AFFIRMATIVE DEFENSE

20.     Due diligence was used to make the carrying vessels seaworthy and to secure that

they were properly manned, equipped, and supplied, and to make the holds and other parts of the

vessels in which the shipments were carried safe and fit for their reception, in accordance with

COGSA and the subject bills of lading.  Accordingly, if the shipments sustained any loss or damage

due to any unseaworthiness of the vessels, which is denied, PIL is not liable for said loss or damage.

## TENTH AFFIRMATIVE DEFENSE

21.     Plaintiff has failed to mitigate its damages.

WHEREFORE, defendant PIL prays:

a.     that judgment be entered in favor of defendant PIL and against plaintiff

HARTFORD, dismissing the Complaint herein together with costs and disbursements of this action;

and

b.     that judgment be entered in favor of defendant PIL herein for such other and further

relief as the Court deems just and proper.


Dated: October 1, 2010
       New York, New York


                              LYONS & FLOOD, LLP
                              Attorneys for Defendant
                              PACIFIC INTERNATIONAL LINES (PTE), LTD.


                    By:     _____
                              Edward P. Flood
                              Michael A. Namikas
                              Lyons & Flood, LLP
                              65 West 36th Street, 7th Floor
                              New York, New York 10018
                              (212) 594-2400

TO:    PEZOLD SMITH HIRSCHMANN & SELVAGGIO, LLC
        Attorneys for Plaintiff
        120 Main Street
        Huntington, New York 11743

        Attn:   Raymond A. Selvaggio, Esq.


U:\FLOODDOC\2541013\Legal\Answer.doc

## <u>CERTIFICATE OF SERVICE</u>

Michael A. Namikas, an attorney duly admitted to practice before this Honorable Court, affirms on this 1st day of October 2010, I served true copies of the foregoing, via CM/ECF and by e-mail:

> PEZOLD SMITH HIRSCHMANN & SELVAGGIO, LLC
> 120 Main Street
> Huntington, New York 11743
>
> Attn:   Raymond A. Selvaggio, Esq.
>         **rselvaggio@transportlaw.com**

 

 

_____
Michael A. Namikas

U:\FLOODDOC\2541013\Legal\Answer.doc